689 F.2d 378
 111 L.R.R.M. (BNA) 2591
 John LAWE, as President of Local 100, Transport Workers
Union of America, AFL-CIO; Weyman Carey, individually and on
behalf of the New York City Transit Authority similarly
situated; John Meehan, individually and on behalf of all
employees of the Manhattan and Bronx Surface Transit
Operating Authority similarly situated, Plaintiffs-Appellants,
v.
Harold NEWMAN, Ida Klaus and David Randles, as members of
the New York State Public Employment Relations Board; New
York City Transit Authority, Manhattan and Bronx Surface
Transit Operating Authority, Defendants-Appellees.
John WILSON, as President of Local 1056, Amalgamated Transit
Union of America, AFL-CIO; Earl Dykes, individually and on
behalf of all employees of the New York City Transit
Authority similarly situated; Louis Caravone, as President
of Local 726, Amalgamated Transit Union of America, AFL-CIO;
Floyd Thompson, individually and on behalf of all employees
of the New York City Transit Authority similarly situated,
Plaintiffs-Appellants,
v.
NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD and New
York City Transit Authority, Defendants-Appellees.
 Nos. 371, 400, Dockets 82-7588, 82-7612.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 2, 1982.
Decided Sept. 20, 1982.
 
 John F. O'Donnell, New York City (O'Donnell & Schwartz, New York City, of counsel), for plaintiffs-appellants.
 Stanley A. Camhi, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen. of the State of New York, George D. Zuckerman, Asst. Sol. Gen., Richard Grant Liskov, Asst. Atty. Gen., New York City, of counsel), for defendants-appellees.
 Before LUMBARD, CARDAMONE and WINTER, Circuit Judges.
 PER CURIAM:
 
 
 1
 In April, 1980 the Transit Workers Union (Union) carried out an illegal strike against the New York City Transit Authority. Subsequently the Union was penalized for its actions by the New York Public Employment Relations Board (PERB). Among the sanctions ordered by PERB was the suspension of the Union's dues checkoff privilege, N.Y. Civ. Serv. Law § 208 (McKinney 1973). This suit[1] followed alleging due process and equal protection violations. A preliminary injunction was then sought to enjoin the defendants from suspending the dues checkoff privilege during the pendency of this action. The district court declined to grant the requested relief and this appeal followed.
 
 
 2
 We affirm on the basis of Shanker v. Helsby, 676 F.2d 31 (2d Cir. 1982), for the reasons stated by Judge Ward in his well-written opinion.
 
 
 3
 We also note that the standard in this circuit for granting a preliminary injunction requires: a showing of (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. Sperry International Trade, Inc. v. Government of Israel, 670 F.2d 8, 11 (2d Cir. 1982). Upon review of the record, we are convinced that plaintiffs have failed to demonstrate irreparable harm. Plaintiffs maintain that without the dues checkoff, collection of union dues "would be extremely difficult and most expensive." This overlooks the New York State Civil Service Law which expressly provides for the suspension of the dues checkoff privilege. N.Y. Civ. Serv. Law § 210(3)(f) (McKinney 1973 & Supp. 1981-1982). Plaintiffs claim that its capacity to represent employees properly and to maintain and promote constructive and cooperative relations with management would be severely impaired. However, PERB's Decision and Order expressly provides for reconsideration of the penalty should the Union be unable to collect sufficient dues to insure proper representation of unit employees.
 
 
 4
 The judgment is affirmed and the stay previously granted is dissolved.
 
 
 
 [1]
 This suit and the companion case of Wilson v. New York State Public Employment Relations Board were heard and are now decided together